PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* MANUEL VALENTÍN, *alias* EL NEGRO, Defendant and Appellant.

No. 2613. Decided November 6, 1925.

APPEAL—TRANSCRIPT.—A clerk of a district court can not be ordered to send up to the Supreme Court as a part of the record on appeal copies of documents and records that do not appear to have been properly included in the judgment roll.

Motion to correct the record on appeal. *Overruled.*

*García Méndez & García Méndez* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The judgment rendered in this case by the District Court of Aguadilla was appealed from on March 28, 1925, and

the clerk of that court sent up to the secretary of this court a certified copy of the transcript of the record containing the indictment, the arraignment, a motion for particulars, a motion to quash, the answers to said motions, the ruling of the court, the plea to the indictment, the verdict of the jury, the judgment, the notice of appeal and the statement of the case and bill of exceptions prepared by the defendant and approved by the trial judge with the consent of the district attorney.

At this stage the defendant moves this court to order the clerk of the district court as follows:

"Send . . . copy . . . of the following documents:

"A.—Copy of the first indictment filed on November 20, 1924, under number 2786 against defendant Manuel Valentín for voluntary manslaughter.

"B.—Motion for particulars filed by the defendant on December 5, 1924.

"C.—Motion to quash filed by the defendant on December 5, 1924.

"D.—Order of the court of December 23, 1924, page 46 of the minute book, volume 35, quashing the indictment.

"E.—Record of the date of defendant's new arrest.

"F.—Record of the date, after the quashing of the first indictment, when the defendant gave bail for his temporary discharge."

The transcript brought up shows that in the motion to quash filed on March 9, 1925, it is said: "Wherefore, and after a discussion of this motion and introduction of evidence, if the court finds it necessary to establish the alleged facts . . ." that in his answer the district attorney denied the said alleged facts and the court arrived at findings of facts contrary to those sustained by the defendant.

It being so, the documents and records to which the appellant refers should have been introduced in evidence and therefore included by the appellant himself in the statement of the case which he prepared for his appeal. The clerk was not bound to send them up and therefore he should not

be ordered to do so. They formed no part of the judgment roll.

The motion is overruled without prejudice to any right that the appellant may have to another remedy.

Mr. Justice Wolf took no part in the decision of this case.